UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

MARY ROACH

                Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC

                Defendant.
-------------------------------------------------------X

# 13 CV 0871

### COMPLAINT

### JURY TRIAL DEMANDED

Plaintiff by her attorney, The Law Offices of Shimshon Wexler, PC alleges upon information and belief as follows:

## INTRODUCTION

1.    Plaintiff Mary Roach is over 80 years old and had a credit report prepared that was clearly erroneous and false. The result of the false representations made about her by the defendant include but are not limited to the following: worry, helplessness, credit denials, intimidation, irritability, invasion of privacy and aggravation.

2.    The credit report showed a GE account that was sold to Asset Acceptance but nevertheless both accounts had a balance. Of course, this is not possible because once an account is sold it must have a zero balance.

3.    The balance should not have even been reported once because Plaintiff had paid off her GE credit card account and therefore there was no balance to sell to Asset Acceptance. GE nevertheless sold the credit card account with a balance to Asset Acceptance.

4.     Equifax Information Services, LLC ("Equifax") failed to follow reasonable procedures to assure maximum possible accuracy when preparing the credit report for the Plaintiff. Equifax was obligated to insure that the same balance which was purportedly sold from one entity (GE) to another entity (Asset Acceptance) was not reported with a balance both times. Showing that plaintiff owed the balance twice made her appear to lack creditworthiness. Equifax could have corrected this and/or never let this happen in the first place by fulfilling its legal obligations under the Fair Credit Reporting Act to assure maximum possible accuracy when preparing a credit report.

5.     Plaintiff is suing under the Fair Credit Reporting Act, specifically §15 USC 1681(e) entitled "Compliance Procedures" states:

(b) **Accuracy of report**  Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under §15 USC 1681(p) (FCRA).

7.     Venue and personal jurisdiction in this District are proper because:

a.     Plaintiff resides within this district;

b.     Defendant does business within this district

## PARTIES

8.     Equifax is a corporation based in Atlanta, Georgia with $1,500,000,000 (one and a half billion) in annual revenue.

9.     Equifax is listed on the New York Stock Exchange.

10.     Equifax is a "consumer reporting agency" as defined by the FCRA.

11.     Plaintiff is an individual and a "consumer" as defined by the FCRA.

## FACTS

12.     On or about November 8th, 2011, plaintiff received her Equifax credit report.

13.     On this report, GE was reporting as a negative entry the account "Gecrb/Care Credit" 601918034946xxxx as last payment 08/2007 and date of first delinquency of 10/2007. See Exhibit A

14.     On this report, Asset was reporting the account "GEMB CARE-40561568" a balance of $5,286 with date of first delinquency of 10/2007. See Exhibit B

15.     On or about February 14th, 2007, apparently because plaintiff lost her credit card, GE transferred the balance from the card 6019.1803.4946.6785 to a new account number--- 6019.1803.4991.5682. Thus, the account ending in 6785 should have been zeroed out. The transferred balance was in the amount of $3,187.75. See Exhibit C for the statement showing that the transfer took place.

16.     The GE account balance accrued primarily for a dental procedure to preserve plaintiff's health.

17.     On or about August 2nd, 2007, plaintiff paid off the entire balance of her GE credit card by making a $2,846.47 payment to her new 5682 account. Thus her entire GE credit card should have been paid off. The account was subsequently closed out.

18.     Instead, the account ending in 6785 was purportedly treated as junk debt by GE and sold to Asset for pennies on the dollar.

19. Equifax willfully and/or negligently failed to correct the blatant inconsistencies in the credit report that despite the GE account allegedly being sold to Asset Acceptance, both accounts had a balance.

20. Upon information and belief, Experian prepared credit reports that did not contain the same blatant errors as the Equifax credit reports.

21. The Equifax credit report showed that plaintiff had disputed her Asset Account.

## VIOLATIONS ALLEGED

## COUNT I – FCRA CLAIM

22. Under the Fair Credit Reporting Act, 15 USC § 1681e - Compliance procedures, Defendant is required to assure maximum possible accuracy when preparing a consumer report. Section 1681e provides:

> (b) **Accuracy of report**
> Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

23. Defendant willfully or negligently failed to--- have measures in place and/or take steps---- to assure that the consumer reports that it prepared were accurate during the time period when the same balance was being reported by two different creditors..

24. Defendant violated 15 U.S.C. §1681n and/or §1681o.

25. Section 1681p provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of–**

**(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis of such liability; or**

**(2) 5 years after the date on which the violation that is the basis for such liability occurs.**

WHEREFORE, plaintiff requests that the Court enter judgment in her favor and against Defendant for:

(1) Appropriate actual, punitive and statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other or further relief as the Court deems proper.

Dated: New York, NY
2/3/2013

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
PO Box 250870
New York, NY 10025
212-760-2400
917-512-6132 (fax)

swexleresq@gmail.com

## **JURY DEMAND**

Plaintiff demands trial by jury.

Shimshon Wexler

## **NOTICE OF ASSIGNMENT**

All rights relating to attorney's fees have been assigned to counsel.

Shismhon Wexler

*Exhibit A*

## GE/CareCredit   PO BOX ████ ORLANDO FL 32896-████ (866) ███-████

| Account Number | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Creditor Classification |
|---|---|---|---|---|---|---|---|
| 80191803494*6* | 10/2003 | | $4,000 | | Monthly | 62 | |

| Items As of / Date Reported | Balance Amount | Amount Past Due | Date of Last Paymnt | Actual Paymnt Amount | Scheduled Paymnt Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj Del 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/2009 | $2,875 | $1,588 | 08/2007 | | $101 | 10/2007 | | 04/2008  11/2007 | $2,875 | | | | |

Status - Charge Off; Type of Account - Revolving; Type of Loan - Charge Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Charged Off Account; Charge;

**Account History with Status Codes**

| 12/2008 | 11/2008 | 10/2008 | 09/2008 | 08/2008 | 07/2008 | 06/2008 | 05/2008 | 04/2008 | 03/2008 | 02/2008 | 01/2008 | 12/2007 | 11/2007 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| L | L | L | L | L | L | L | L | L | L | 5 | 4 | 3 | 2 | 1 |

( Continued On Next Page )

Page 5 of 14



*Confirm*

*Exhibit B*

**Asset Acceptance Corp.** Asset Acceptance Llc PO Box 2036 Warren, MI 48090-2036 (800) 814-4756

**Account Number:** GEMB CARE-40561568

| Date Opened | High Credit | | | Terms Duration | Terms Frequency | Months Revd | Activity Designator | Creditor Classification |
|---|---|---|---|---|---|---|---|---|
| 12/2009 | $4,023 | | | | | 21 | | Retail |

| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Pymnt | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/2011 | $5,286 | $5,286 | | | | 10/2007 | | 01/2010 | | | | | |

Status - Collection Account; Type of Account - Open; Type of Loan - Debt Buyer Account; Whose Account - Individual Account; ADDITIONAL INFORMATION - Consumer Disputes This Account Information; Collection Account;

( Continued On Next Page )

Page 3 of 14



# CareCredit

MARY P ROACH

CARE CREDIT/GEMB



Exhibit C

| Days in Billing Cycle | 28 |
|---|---|

| | |
|---|---|
| Payment Due Date | 03/30/2007 |
| Credit Limit | $4,000.00 |
| Total Credit Available | $1,099.00 |
| Minimum Payment | $102.00 |

| | | |
|---|---|---|
| Previous Balance | | $0.00 |
| New Purchases | + | $10.00 |
| Payments | - | $300.00 |
| Credits, Fees and Adjustments (net) | +/- | $3,187.75 |
| FINANCE CHARGE (net) | +/- | $2.72 |
| New Balance | = | $2,900.47 |

For Customer Service or to report your
card lost or stolen, call:

**866-893-7864**

Or, visit us on the web at:

**www.carecredit.com**

| Post Date | Tran Date | Reference Number | Description | Amount |
|---|---|---|---|---|
| 02/14/2007 | 02/14/2007 | 0000000000ATNEWA | BALANCE TRANSFER 6019 1803 4946 9785 | $3,187.75 |
| 03/02/2007 | 03/02/2007 | 85348121XFFGBGVSK | PAYMENT - THANK YOU | $300.00 CR |
| 03/02/2007 | 03/02/2007 | 85348121XHBNG71JP | PAY BY PHONE FEE KETTERING OH | $10.00 |
| 03/05/2007 | 03/05/2007 | | *FINANCE CHARGE* | $2.72 |

You will incur no Finance Charges on a Deferred Interest promotional purchase, provided the promotional purchase
amount is paid in full by the indicated Due Date and you pay any applicable Minimum Payment Due on your Account by
the Payment Due Date. If you do not pay the amount in full by the indicated Due Date, Finance Charges accrued from
the date of purchase will (or if any Minimum Payment is not paid when due, may) be added to your Account.

| Promotion Type/ Tran Date | Initial Transaction Amount | Billed FINANCE CHARGE | Promotional Balance | Deferred FINANCE CHARGE | Promotional Expiration Date |
|---|---|---|---|---|---|
| With Pay Deferred Interest 05/17/2006 | 1,118.00 | 0.00 | 823.98 | $209.54 | 06/04/2007 |
| With Pay Deferred Interest 06/16/2006 | 1,000.00 | 0.00 | 793.95 | $171.83 | 07/04/2007 |
| With Pay Deferred Interest 09/15/2006 | 1,400.00 | 0.00 | 1,240.82 | $160.75 | 10/04/2007 |

*To avoid paying deferred finance charge(s), you must pay off your promotional balance by expiration date shown.

**PAYMENT DUE BY 5 P.M. ON THE DUE DATE.**
*NOTICE: See reverse side and additional pages (if any) for important information concerning your Account

| 5302 | JIG | Z | 7 | 5 | 074385 | PAGE 1 of 5 | 9072 | 0500 | C608 | 01EK5302 |
|---|---|---|---|---|---|---|---|---|---|---|

NDLR8548 5302 5001 T117   07 070320 PAGE 00024 OF 00029