UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARY ROACH,

      Plaintiff,                                      Civil Action No.13-cv-0871-CS

   -against-                                  **JURY TRIAL DEMANDED**

EQUIFAX INFORMATION SERVICES LLC,

      Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Equifax Information Services LLC ("Equifax"), by Counsel, hereby files its answer and defenses to Plaintiff's Complaint ("Complaint").

**ANSWER**

In answering the Complaint, Equifax denies any and all allegations contained in the headings and/or unnumbered paragraphs in the Complaint. In response to the specific allegations in the enumerated paragraphs in the Complaint, Equifax responds as follows:

1. Equifax is without knowledge or information sufficient to form a belief as to the allegations in the first sentence in Paragraph 1 that Plaintiff is over 80 years old and, therefore, denies that allegation. Equifax denies the remaining allegations in Paragraph 1.

2. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 2 and, therefore, denies those allegations.

3. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 3 and, therefore, denies those allegations.

4. Equifax denies the allegations in Paragraph 4.

5. Equifax admits that this action purports to be brought pursuant to the FCRA. Equifax denies that it is liable to Plaintiff for violation the FCRA, denies that Plaintiff was damaged by any action or inaction of Equifax, and denies that Plaintiff is entitled to any of the relief requested.  Equifax further states that the provision of the FCRA purportedly quoted in Paragraph 5 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 5, the allegations are denied.

6. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits the allegations in Paragraph 6 and that jurisdiction is proper in this Court.

7. To the extent that Plaintiff can maintain this action, which Equifax denies, it admits the allegations in Paragraph 7 and that venue is proper in this Court and the court has jurisdiction.

8. Responding to the allegations in Paragraph 8, Equifax admits that it is based in Atlanta, Georgia.  Equifax denies the remaining allegation in Paragraph 8.

9. Equifax denies the allegation in Paragraph 9.

10. Equifax admits the allegation in Paragraph 10.

11. Equifax admits the allegations in Paragraph 11.

12. Equifax admits that it issued a consumer disclosure on November 8, 2011. Equifax is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 12 and, therefore, denies those allegations.

13. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 13 and, therefore, denies those allegations.

14. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 14 and, therefore, denies those allegations.

15. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 and, therefore, denies those allegations.

16. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 16 and, therefore, denies those allegations.

17. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 17 and, therefore, denies those allegations.

18. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 18 and, therefore, denies those allegations.

19. Equifax denies the allegations in Paragraph 19.

20. Equifax denies the allegations in Paragraph 20 as they relate to Equifax. Equifax is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 20 and, therefore, denies those allegations.

21. Equifax is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 21 and, therefore, denies those allegations.

22. Equifax admits that it is required to comply with the FCRA. The provision of the FCRA purportedly quoted in Paragraph 22 speaks for itself, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provision cited in Paragraph 22, the allegations are denied.

23. Equifax denies the allegations in Paragraph 23.

24. Equifax denies the allegations in Paragraph 24.

25. The provisions of the FCRA purportedly quoted in Paragraph 25 speak for themselves, and to the extent Plaintiff misquotes, misstates, mischaracterizes, or takes out of context the provisions cited in Paragraph 25, the allegations are denied.

Equifax denies the allegations set forth in the Prayer for Relief.

Equifax demands a jury trial in this case.

Any allegation in Plaintiff's Complaint not heretofore specifically responded to by Equifax is hereby denied.

## DEFENSES

Without assuming the burden of proof where it otherwise rests with the Plaintiff, Equifax pleads the following defenses to Plaintiff's complaint:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

At all times relevant herein, Equifax maintained reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit file.

## THIRD DEFENSE

Plaintiff's damages, if any, were not caused by Equifax, but by another person or entity for whom or for which Equifax is not responsible.

## FOURTH DEFENSE

Equifax has complied with the Fair Credit Reporting Act in its handling of Plaintiff's credit file and is entitled to each and every defense stated in the Act and any and all limitations of liability.

## FIFTH DEFENSE

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of the Plaintiff to use reasonable diligence to mitigate the same.

Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of her failure to mitigate alleged losses.

### SIXTH DEFENSE

Equifax adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003) and *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### SEVENTH DEFENSE

Plaintiff cannot establish the standard of willfulness under the Fair Credit Reporting Act as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 127 S. Ct. 2201 (2007).

### EIGHTH DEFENSE

Plaintiff cannot meet the requirements of 15 U.S.C. §1681n in order to recover punitive or statutory damages.

### NINTH DEFENSE

Equifax did not report inaccurate information regarding Plaintiff.

Equifax reserves the right to have additional defenses that it learns of through the course of discovery.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in Plaintiff's Complaint, Equifax prays that:

(1)   Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

5

(2)    That it have a jury trial on all issues so triable;

(3)    That it be dismissed as a party to this action;

(4)    That Equifax recover from Plaintiff its expenses of litigation, including but not limited to attorneys' fees pursuant to 15 U.S.C. § 1681n(c) and 15 U.S.C. § 1681o(b); and

(5)    That it recover such other and additional relief, as the Court deems just and appropriate.

Dated: March 8th 2013                    KING & SPALDING LLP

By: /s/ Christina Conroy
Christina Conroy
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
(212) 556-2242
cconroy@KSLAW.com

*Counsel for Defendant*
Equifax Information Services LLC